Abad v 288 Water St. Owner, LLC
2026 NY Slip Op 03416
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Bravo Abad, respondent,
v
288 Water Street Owner, LLC, et al., appellants, et al., defendants; Sunshine East Coast, Inc., third-party defendant-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-10517, (Index No. 517785/21)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Janice A. Taylor
James P. McCormack, JJ.

Wood Smith Henning & Berman, LLP, New York, NY (Matthew D. Lavoie of counsel), for appellants.
Fuchs Rosenzweig PLLC, New York, NY (Douglas Rosenzweig of counsel), for third-party defendant-appellant.
Wingate, Russotti, Shapiro, Moses & Halperin, LLC (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 288 Water Street Owner, LLC, Edery Global, Inc., and Fine Craftsman Group, LLC, and the third-party defendant Sunshine of East Coast, Inc., separately appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 16, 2023. The order, insofar as appealed from, granted the plaintiff's motion, in effect, pursuant to CPLR 3103(a) to limit any further deposition of the plaintiff by the defendants 288 Water Street Owner, LLC, Edery Global, Inc., and Fine Craftsman Group, LLC, and the third-party defendant Sunshine of East Coast, Inc., to the extent of directing that such further deposition would be limited to the issue of damages and would not exceed two hours.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiff commenced this action against, among others, the defendants 288 Water Street Owner, LLC, Edery Global, Inc., and Fine Craftsman Group, LLC (hereinafter collectively the defendants), to recover damages for personal injuries he allegedly sustained while he was working on a construction job at 288 Water Street. The plaintiff appeared on three separate dates for depositions during which he was questioned by the defendants, as well as the third-party defendant Sunshine of East Coast, Inc. (hereinafter Sunshine), for a total of approximately 13 hours, including breaks. Thereafter, the defendants requested that the plaintiff appear for a fourth deposition. The plaintiff then moved, in effect, pursuant to CPLR 3103(a) to limit any further deposition of him by the defendants and Sunshine to the issue of "his most recent right knee surgery" and for a period not to exceed 1½ hours. By order dated October 16, 2023, the Supreme Court, inter alia, granted the plaintiff's motion to the extent of directing that such further deposition would be limited to the issue of damages and would not exceed two hours. The defendants and Sunshine separately appeal.
Pursuant to 22 NYCRR 202.20-b(a)(2), unless otherwise stipulated to by the parties [*2]or ordered by the court, "depositions shall be limited to 7 hours per deponent." However, "[f]or good cause shown, the court may alter the limits on the number of depositions or the duration of an examination" (id. at § 202.20-b[f]; see Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d 1270, 1271). Good cause may be based on "improper conduct or obstruction by the deponent or [his or] her attorney," or a proper showing "that seven hours was an insufficient amount of time within which to complete the deposition under the circumstances of the case" (Wanliss v Retina Assoc. of N.Y., P.C., 230 AD3d at 1271).
Here, the defendants and Sunshine failed to demonstrate that good cause warranted expanding the scope or length of the plaintiff's further deposition beyond that which was set forth in the order on appeal (see id.; Bush v Alliant Content, LLC, 76 Misc 3d 477, 481 [Sup Ct, Westchester County]).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to the extent indicated in the order on appeal.
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court